PATIENCE M. GARDNER, Respondent, v. JAMES GARDNER, Appellant.

*Temporary injunction — when it is not dissolved by the entry of a final judgment.*

The entry of a final judgment in an action does not, unless it be so expressly declared therein, dissolve a temporary injunction theretofore granted in the action, where the defendant has appealed from the judgment and given an undertaking to stay all proceedings during the pendency of such appeal.

Appeal from a judgment of the Special Term adjudging the defendant guilty of contempt.

The action was brought by the plaintiff to procure a limited divorce from her husband for cruel and inhuman treatment.

*Conlon & McCrea*, for the appellant.

*C. F. Whittemore*, for the respondent.

BRADY, J.:

The defendant was adjudged guilty of contempt, and an order was made directing his imprisonment until he paid a fine of $600, and the additional sum of $250 imposed upon him for costs and expenses of the proceedings, for a violation of an order of Mr. Justice DONOHUE made in this case on the 7th of October, 1878, restraining him until the further order of the court from interfering with the plaintiff in her possession and occupancy of the house No. 224 West Fiftieth street and her furniture therein, and from abusing her; and further, adjudging him guilty of contempt in failing to pay the alimony and allowances directed to be paid by the order of this court, dated October 7th, 1880, and ordering his imprisonment until he paid such alimony, the referee's fees, and a sum unpaid, granted to the plaintiff as an allowance in the action.

This suit appears to have been commenced in 1878, and an injunction was obtained by which the defendant was restrained from conveying, transferring, incumbering or otherwise disposing of any of his property, real or personal, standing in his name or owned by him, wheresoever situated, and he was also enjoined from interfering with the plaintiff and her peaceable occupation of the house No. 224 West Fiftieth street, where she then resided, and from interfering with her keeping and using, as her own, the furniture therein. And he was further enjoined from removing the same or any portion therefrom, and also from abusing or maltreating the plaintiff until the further order of the court. This injunction was dated October 7, 1878. On October 7, 1880, the final judgment or order was made herein upon the report of the referee, but no mention was made in the judgment or order, of the injunction of October 7, 1878, and it contained no continuance thereof by express reference thereto. An appeal was duly taken from the judgment by the defendant, and an undertaking to stay the execution thereof, approved by the court, was duly filed.

It appears, however, that in March, 1878, the defendant sold the premises mentioned and others to his nephew, William H. Moger, and a reference which involved that subject was made, and the referee declared as the result of his examination that the transfer to Mr. Moger was made in fraud of the plaintiff's rights in the premises and with the intent to delay and hinder her. It is true

that he found that in making the transfer the defendant had not acted in disobedience and contempt of any judgment or order of the court, but this would naturally result from the fact of the transfer having been made in March, 1878, and prior, therefore, to the order of injunction which, as we have seen, was granted in October, 1878. The fact is found, however, that the transfer of the premises mentioned was in fraud of the plaintiff's rights, and with the intent to hinder and delay her, and therefore was void as to her and any rights that she had in reference to them.

It further appears, as a part of the scheme which was designed between the defendant and Moger, that the nephew rented to the former the premises mentioned, and in October, 1880, and after the judgment had been rendered herein, the nephew proceeded to dispossess the defendant for non-payment of rent, and it appears from the evidence that the latter was active in that proceeding, having assisted in procuring the men to remove the furniture and assisting therein, and also to put his nephew in possession of the premises.

The appeal from the order rests chiefly upon the proposition that the injunction granted, being only until the further order of the court, was abrogated by the final judgment.

The answer to this proposition is that the judgment was not accepted, the defendant having appealed therefrom. We think that the following authorities sustain the doctrine that under such circumstances the injunction is continued unless dissolved by express order of the court, viz.: *Power* v. *Village of Athens* (19 Hun, 165); *Erie Railroad Company* v. *Ramsey* (45 N. Y., 637); *Sixth Avenue Railroad Company* v. *Gilbert Elevated Railroad* (71 id., 433). In this connection see, also, *Fellows* v. *Heermans* (13 Abb. [N. S.], 12).

This case illustrates the mischief which might be done by the adoption of the converse rule, it appearing that after the judgment was rendered and the appeal taken, the defendant by collusion with Moger, proceeded to dispossess the plaintiff, and thus to accomplish what the injunction expressly prohibited. As said by ALLEN, J., in *Sixth Ave. R. R. Co.* v. *The Gilbert E. R. Co. (supra)*: "The court should have, and doubtless has the power, notwithstanding an appeal, especially so long as the action is pending in the same court upon appeal from the Special to the General Term, to command respect for its judgments and obedience to its mandate until

they are reversed. This power is essential to the administration of justice, and to the respect which the courts of justice have a right to demand from suitors. It would seem to be preposterous that a party could, by the mere order of the court staying his hands from executing a judgment not yet executed, be deprived of the whole fruit of the judgment by the lawless act of the defeated party pending an appeal, without remedy; that he must stand by, and without possibility of redress, see the subject-matter of the litigation destroyed, so that if he succeeds in affirming the judgment it will be a barren victory." The principle underlying these observations is equally applicable to this case, for the effect of holding that the appeal supersedes the injunction would be to enable the party, while he repudiated the judgment, to deprive the plaintiff of the benefit which the latter derived from the injunction mandate.

No order dissolving or superseding the injunction was contained in the judgment, and the defendant made no application to attain that result. Assuming, therefore, that the injunction order continued, the conduct of the defendant, as demonstrated by the affidavits, and to which reference has been made, was a clear violation of its terms, and for which he ought to be punished.

The evidence in this case warranted the imposition of the fine, because it appears that the furniture was seriously damaged by the manner in which it was removed to the sidewalk, and the action of the court in inflicting a fine for expenses was also justified. The fine to be imposed shall be sufficient to indemnify the party injured, and to satisfy his costs and expenses. (*De Jonge* v. *Brenneman*, 23 Hun, 332.) It appears in this case that the actual damage to the furniture was $427, without reference to the loss of some of it, and the storage thereof, and the inconvenience resulting from the want of it during the time which would be consumed in repairing it, and from the necessity of repairing and replacing it. The fine, it is true, must be fixed by proof of the damages sustained, according to the rules of law which would apply in an action for such damage. (*De Jonge* v. *Brenneman*, *supra*.) And such proof was given under the law as it exists. We are inclined to the opinion that the fine imposed was not excessive, and that the order should be in that respect affirmed.

The defendant having given the security provided by the Code of Civil Procedure upon the appeal from the judgment, the order committing him for the non-payment of the sums directed to be paid by the judgment, seems to have been unwarranted.

It is true that the plaintiff's attorney alleges, that after the service of the undertaking on appeal, he gave notice of his exception to the sufficiency of the sureties, and that the notice of justification in answer thereto was not served in season, and for that reason was rejected at the time. But the undertaking itself, as appears by the appeal papers, was first approved, as required by law, by Justice Lawrence, on the 11th of October, 1880, and then, and it would seem subsequently to the act of that justice, the bond was indorsed, "I think the sureties sufficient; bond approved. C. D." Which indicates a further approval by Mr. Justice Donohue of the bond given, and in the absence of proof to the contrary the assumption is justified that the approval of the last named justice was given after the justification required by law.

The effect of the appeal, the proper bond having been given and approved, was to stay the collection of any of the sums directed to be paid; and we think, therefore, that the order appealed from is erroneous in directing their payment.

For these reasons the order appealed from should be modified so as to require the payment of the amount of the fine and the expenses, namely, $850; and as to the balance, reversed, without costs to either party.

Davis, P. J., and Daniels, J., concurred.

Order modified as directed in opinion.